UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STACEY DOOLIN, as Personal
Representative of the Estate of RICHARD
E. DOOLIN,

                Plaintiff,

vs.                                      Case No. 3:16-cv-778-J-34PDB

AMERICAN OPTICAL CORPORATION, et
al.,

                Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Plaintiff initiated this action on June 22, 2016, by filing two-count complaint. See Plaintiff's Wrongful Death Complaint and Demand for Jury Trial (Doc. 1; Complaint). Upon

review of the Complaint, it appears Plaintiff relies on diversity jurisdiction, pursuant to 28 U.S.C. § 1332, as the basis for this Court's subject matter jurisdiction over this action. See Complaint ¶ 6. However, Plaintiff fails to adequately allege the citizenship of Plaintiff and Defendant Pneumo Abex LLC. Plaintiff alleges that Defendant Pneumo Abex LLC "is a Delaware corporation with its principal place of business in New York." Id. ¶ 16. In addition, Plaintiff includes allegations as to the residence of the Plaintiff decedent prior to his death, as well as the residence of his personal representative. See id. ¶ 5. However, these allegations are insufficient to establish the citizenship of those parties, and thus the Court is unable to determine whether complete diversity exists in this action

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Relevant to this action, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). A corporation, however, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of a limited liability company ("LLC"), a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1). Here, Plaintiff identifies Defendant Pneumo Abex as an LLC, but incorrectly alleges its citizenship as though it were a corporation. See Complaint ¶ 16. As such, clarification is necessary to

establish this Court's diversity jurisdiction. First, Plaintiff must specify whether Pneumo Abex is an LLC or a corporation. If, indeed, Pneumo Abex is a corporation, the information contained in the Complaint adequately alleges that it is a citizen of Delaware and New York. However, if Pneumo Abex is, in fact, an LLC, Plaintiff must establish the citizenship of each of its members[1]

When an individual acts in a representative capacity for one who is deceased, that individual is deemed to be a citizen of the state of which the deceased was a citizen at the time of death. Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1562 n.1 (11th Cir. 1994); 28 U.S.C. § 1332(c)(2). Thus, "[w]here an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and [he] is deemed to be a citizen of the state in which [he] was domiciled at the time of [his] death." King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007). However, to establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). As the Complaint discloses only the residence of the decedent prior to his death, rather than his state of citizenship, the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's diversity jurisdiction over this case. See Taylor, 30

---

[1] Plaintiff is advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

In light of the foregoing, the Court will give Plaintiff an opportunity to establish diversity of citizenship between the parties and that this Court has diversity jurisdiction over this action.[2]  Accordingly, it is

**ORDERED**:

Plaintiff shall have until **July 11, 2016**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on June 27, 2016.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:
Counsel of Record

---

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").