# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

STACEY DOOLIN, as the
Personal Representative of the
Estate of RICHARD E. DOOLIN,

    Plaintiff,

v.        Case No. 3:16-cv-778-J-34PDB

AMERICAN OPTICAL CORPORATION,
et al.,

    Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Sanctions against Defendant Borg-Warner Corporation (Doc. No. 37; Motion), filed on August 31, 2016. On September 2, 2016, Defendant BorgWarner Morse TEC LLC (Morse TEC) filed its Response in Opposition to Plaintiff's Motion for Sanctions against Borg-Warner Corporation (Doc. No. 40; Response). Accordingly, this matter is ripe for review.

## I.   Background

### A.   Factual Allegations

Plaintiff Stacey Doolin (Doolin) commenced this wrongful death action on behalf of her late husband, Richard E. Doolin (the Decedent), on June 22, 2016, see generally Plaintiff's Wrongful Death Complaint and Demand for Jury Trial (Doc. No. 1), and filed an amended complaint on July 8, 2016, see Plaintiff's Amended Wrongful Death Complaint and Demand for Jury Trial (Doc. No. 4; Complaint). In the Complaint, Doolin alleges that the Decedent was exposed to asbestos-containing products "manufactured, sold, supplied

-1-

and/or distributed" by a number of corporations – including Morse TEC – beginning in 1970 and continuing until 1983. See id. ¶¶ 3-4. During this time, the Decedent's father worked as a mechanic. Id. ¶ 4. Doolin avers that the Decedent visited his father's workplace on a "frequent[] and continuous basis[,]" while the Decedent's father and others worked with asbestos-containing products, including, but not limited to, brakes, clutches, and gaskets. Id. According to Doolin, during these visits, the Decedent himself also sometimes performed "brake and clutch work[.]" Id. Subsequently, in or around June of 2013, the Decedent was diagnosed with mesothelioma, which Doolin alleges resulted from his "exposure to and inhalation of asbestos" from the asbestos-containing products. Id. ¶ 3. "[A]s a result of his mesothelioma[,]" the Decedent died on or about June 22, 2014, at the age of forty-three. See id. ¶ 5; see also Plaintiff's Response to Defendant Borg-Warner Corporation's Motion to Dismiss Plaintiff's Amended Wrongful Death Complaint (Doc. No. 33; Response to Morse TEC's Motion to Dismiss) ¶ 1.

### B. Procedural History

In the Complaint, Doolin brings one claim of negligence (Count I) and a second claim for strict liability (Count II) against all defendants as manufacturers, sellers, and/or distributors of asbestos-containing products. See generally Complaint ¶¶ 11-16, 19-26, 27-43. On August 9, 2016, Morse TEC filed its Motion to Dismiss Plaintiff's Amended Wrongful Death Complaint and Incorporated Memorandum of Law (Doc. No. 25; Motion to Dismiss). In the Motion to Dismiss, Morse TEC sought dismissal pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)), for failure to satisfy the pleading requirements of Florida's Asbestos and Silica Compensation Fairness Act, section 774.201 et seq., Florida Statutes (the Asbestos Act). Motion to Dismiss at 1-2. In particular, Morse TEC

argued that Doolin failed to include with the Complaint a "Sworn Information Form" as required by subsection 774.205(3), Florida Statutes, which states:

> All asbestos claims and silica claims filed in this state on or after the effective date of this act must include, in addition to the written report described in subsection (2) and the information required by s. 774.207(2), a sworn information form containing the following information:
> (a) The claimant's name, address, date of birth, and marital status;
> (b) If the claimant alleges exposure to asbestos or silica through the testimony of another person or alleges other than direct or bystander exposure to a product, the name, address, date of birth, and marital status for each person by which the claimant alleges exposure, hereinafter the "index person," and the claimant's relationship to each such person;
> (c) The specific location of each alleged exposure;
> (d) The beginning and ending dates of each alleged exposure as to each asbestos product or silica product for each location at which exposure allegedly took place for the plaintiff and each index person;
> (e) The occupation and name of the employer of the exposed person at the time of each alleged exposure;
> (f) The specific condition related to asbestos or silica claimed to exist; and
> (g) Any supporting documentation of the condition claimed to exist.

See id. at 2-3. Morse TEC further argued that Doolin failed to provide a "Verified Collateral Source Report" as required by subsection 774.207(2), Florida Statutes, which states in pertinent part:

> At the time a complaint is filed in a civil action alleging an asbestos or silica claim, the plaintiff must file a verified written report with the court which discloses the total amount of any collateral source payments received, including payments that the plaintiff will receive in the future, as a result of settlements or judgments based upon the same claim . . . .

See id. at 4. Morse TEC concluded by "reserv[ing] the right to amend its Motion to Dismiss if investigation, discovery, further information, or the development [of] any applicable matters of law warrant such an amendment . . .". Id. at 5.

On August 16, 2016, Morse TEC filed a Motion for Leave to Amend or Supplement Its Motion to Dismiss Plaintiff's Amended Wrongful Death Complaint and Incorporated

-3-

Memorandum of Law in Support (Doc. No. 31; Motion for Leave to Amend), which Doolin opposed. See id. at 1, 7. Then, on August 23, 2016, Doolin filed her Response to Morse TEC's Motion to Dismiss, in which she argued that the courts of the Middle District of Florida had previously determined the Asbestos Act to be "procedural in nature" and therefore inapplicable in federal court. See Response to Morse TEC's Motion to Dismiss at 2 (citing Dugas v. 3M Co., 101 F. Supp. 3d 1246 (M.D. Fla. 2015); Hughes v. Am. Tripoli, Inc., No. 2:04-CV-485-FTM-29DNF, 2006 WL 1529051 (M.D. Fla. May 30, 2006)). Having previously served the instant Motion on Morse TEC's counsel in accordance with the safe harbor provision of Rule 11(c)(2)[1] on August 9, 2016, see Motion at 2, Doolin subsequently filed the Motion on August 31, 2016. Ultimately, on October 11, 2016, the Court denied Morse TEC's Motion for Leave to Amend, noting that under Rule 12(g)(2), Morse TEC was estopped from "rais[ing] new defenses or objections that were available but omitted from [its] earlier Motion [to Dismiss]." Order (Doc. No. 48) at 2. That same day, the Court, persuaded by the reasoning in Hughes and Dugas, also denied Morse TEC's Motion to Dismiss. See Order (Doc. No. 49; Order on Motion to Dismiss) at 2.

## II.  Legal Standard: Rule 11 Sanctions

In the Motion, Doolin requests that the Court impose Rule 11 sanctions on Morse TEC for filing, and failing to withdraw, the Motion to Dismiss which was based on an "unsupported" proposition of Florida law. See generally Motion. "The purpose of Rule 11 sanctions is 'to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers.'" Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003)

---

[1]  Rule 11(c)(2) states in pertinent part that a motion for sanctions "must be served under Rule 5, but [] must not be filed or presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."

-4-

(quoting Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001)).  Generally, Rule 11 sanctions are proper: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." Jones v. Int'l Riding Helmets, Ltd., 49 F.3d 692, 694 (11th Cir. 1995) (quoting Souran v. Travelers Ins. Co., 982 F.2d 1497, 1506 (11th Cir. 1993) (additional citations omitted)); see also Rule 11(b).  To determine whether Rule 11 sanctions are appropriate, a court must first determine whether the party's claims are "objectively frivolous" in view of the facts or law.  Id. at 695.  If the court finds they are, the court must then determine whether the person who signed the pleading "should have been aware that they were frivolous."  Id. (citing McGuire Oil Co. v. Mapco, Inc., 958 F.2d 1552, 1563 (11th Cir. 1992)).  This second prong incorporates an objective standard – "reasonableness under the circumstances." See Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc) (citations omitted). "What constitutes a reasonable inquiry may depend on such factors as [(1)] how much time for investigation was available to the signer[; (2)] whether he had to rely on a client for information as to the facts underlying the [motion]; [(3)] whether the [motion] was based on a plausible view of the law; or [(4)] whether he depended on forwarding counsel or another member of the bar."  Id. (citation and internal quotations omitted).

Doolin asserts that Rule 11 sanctions are warranted here because Morse TEC knew or should have known that the arguments raised in the Motion to Dismiss could not "be supported by the application of existing law to the material facts."  Motion at 2.  In this context, the court considers a legal issue, that is – "whether a pleading is 'warranted by

existing law or a good faith argument' for changing the law and whether the attorney's conduct violated Rule 11." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 399 (1990). In considering whether a legal argument is warranted, the court may consider both the complexity of the issues and the plausibility of the argument. Pelletier v. Zweifel, 921 F.2d 1465, 1514 n. 88 (11th Cir. 1991), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008). In Pierce v. Commercial Warehouse, 142 F.R.D. 687 (M.D. Fla. 1992), the court observed:

> Where a motion is made, Rule 11 gives the attorney's signature the effect of certifying that reasonable factual and legal support for it exists. A court has the right to expect that counsel will state the controlling law fairly and fully. A lawyer must not misstate the law, fail to disclose adverse authority not disclosed by his opponent of which he knows or should know, or omit facts critical to the application of the rule of law relied on. If the rule on which he relies is circumscribed or conditioned so as to preclude its application to the case, he is obligated to disclose that fact. . . . Rule 11 requires that an attorney argue by analogy or extension from existing law; he can urge that existing law should lead to a result in the particular case even if that issue has not been ruled on. What an attorney cannot do is to mislead the court by contending that his argument is supported by existing law in the sense that the issue has been decided when that is not true. An attorney must be clear in presenting his argument for what it is – if acceptance of the argument would require the extension, modification or reversal of existing law, Rule 11 requires disclosure and precludes presentation of the argument as though it rested on existing law.

Id. at 690 (internal citations omitted). Ultimately, if the court concludes that an attorney presented an argument without making a "reasonable inquiry," then Rule 11 provides that the court "may impose an appropriate sanction." See Rule 11(c)(1).[2]

---

[2] Prior to 1993, Rule 11 stated that the court "shall" impose sanctions upon determining that Rule 11(b) had been violated, the purpose of which was to "focus the court's attention on the need to impose sanctions for pleading and motion abuses." See Rule 11, Advisory Committee Notes, 1983 Amendments. In 1993, the language of the Rule was revised to indicate that the court "may impose an appropriate sanction" for a violation, the purpose of which was to provide "greater constraints on the imposition of sanctions" as well as greater "flexibility in dealing with infractions of the [R]ule." See Rule 11, Advisory Committee Notes, 1993 Amendments. If Rule 11 sanctions are imposed, due process requires notice and an opportunity to respond, and the Eleventh Circuit "considers it prudent" for a district judge to hold a hearing before imposing sanctions. See Baker v. Alderman, 158 F.3d 516, 525-26 (11th Cir. 1998). Notably, although the 1993 amendments

-6-

**III.    Analysis**

In the Motion, Doolin contends that Morse TEC "knew or should have known" when it filed its Motion to Dismiss that the Asbestos Act has been found to be procedural in nature and therefore inapplicable in federal court. See Motion at 2. Doolin therefore requests "an award of attorneys' fees and costs to be taxed against [Morse TEC] and/or its counsel." Id. In the Response, Morse TEC asserts that sanctions are inappropriate in this instance because its argument that the Complaint fails to provide fair notice of Doolin's claims pursuant to the requirements of Rule 8[3], see Response at 4 – inasmuch as the Complaint does not discuss "precisely what Morse TEC products, as opposed to other defendants' products [Doolin] alleges contributed to [the Decedent's] development of mesothelioma" – is a valid basis for dismissal, id. at 9.[4] Morse TEC also alleges that it filed the Motion for Leave to Amend in an effort to "further clarify that [Doolin's] failure to follow the procedural requirements of the [Asbestos] Act per se may not warrant dismissal of her [Complaint], but that such failure illustrated how far astray [Doolin] had run in her [Complaint] from fundamental 'notice pleading' requirements." Id. at 5. Morse TEC accordingly concludes that its arguments were based on "a plausible view of the law" and were not "patently unmeritorious or frivolous." Id. at 11.

---

included other changes to the language of the Rule, these changes do not impact the applicability of the propositions advanced by the case law cited herein.

[3]    Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." See, e.g., Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) (internal quotation marks omitted).

[4]    Notably, however, Morse TEC did not make this argument in its Motion to Dismiss. See generally Motion to Dismiss.

Turning first to the question of whether Morse TEC's legal arguments were "objectively frivolous," the Court must consider the effect of the decisions in Hughes and Dugas. In Hughes, 2006 WL 1529051, at *2-*3, a fellow jurist from the Middle District of Florida concluded that subsection 774.205(2), Florida Statutes – which requires plaintiffs to include with their complaint a "written report and supporting test results constituting prima facie evidence of the exposed person's asbestos-related or silica-related physical impairment" – was procedural in nature, and therefore inapplicable in federal court. Additionally, the court addressed subsection 774.207(2)'s requirement that, at the time a complaint is filed, plaintiffs "must file a verified written report with the court which discloses the total amount of any collateral source payments received[,]" before ultimately concluding that it need not "determine whether the disclosure of collateral source information is procedural or substantive, since it does not relate to the adequacy of the complaint and would not justify dismissal even if not yet done." See id. at *3; see also Fla. Stat. § 774.207. Later, in Dugas, 101 F. Supp. 3d at 1251, another jurist of this Court found that "Florida's heightened pleading requirement in asbestos cases prohibits what federal procedural law allows, [namely notice pleading,] which creates a conflict between Florida's [s]ection 774.205 and [Rule] 8." After reviewing the Asbestos Act and prior decisions, the court concluded that the requirements set forth in section 774.205, and specifically subsection (2), were inapplicable in federal court. See id.

Notably, these are the only two decisions of Florida's federal district courts which discuss the applicability of the Asbestos Act in federal diversity actions. While these decisions do address whether subsection 774.205(2) of the Asbestos Act applies here, and while these decisions appear to suggest that the entirety of section 774.205 is procedural

in nature and therefore inapplicable in federal court, neither case expressly considers the applicability of the subsection at issue here, namely, 774.205(3). Additionally, the court in Hughes did not reach a firm conclusion as to the nature and applicability of subsection 774.207(2), 2006 WL 1529051, at *3 (concluding that the court "need not determine whether the disclosure of collateral source information is procedural or substantive . . ."), and the court in Dugas did not address this subsection at all, see generally 101 F. Supp. 3d at 1250-51. As such, although these decisions are persuasive[5], they are not dispositive. Moreover, Doolin failed to cite any controlling Eleventh Circuit authority on this issue, and the Court found none. Where adverse, controlling Eleventh Circuit authority exists, yet counsel makes no attempt to disclose this authority, distinguish it, or otherwise attempt to extend, modify, or reverse the existing law, a finding of frivolousness is warranted. See, e.g., Bautista v. Star Cruises, 696 F. Supp. 2d 1274, 1279 (S.D. Fla. 2010); see also Pierce, 142 F.R.D. at 694. Conversely, when a party fails to disclose "extremely relevant but merely persuasive authority" regarding the issue at hand, a court may, in its discretion, refuse to impose Rule 11 sanctions. See generally United Servs. Auto. Ass'n v. Cataldo, No. 6:15-CV-1131-ORL-22TBS, 2015 WL 6701336, at *2 (M.D. Fla. Nov. 2, 2015).[6]

Here, Morse TEC was faced with two non-binding decisions regarding the applicability of portions of the Asbestos Act in federal court, and Morse TEC was free to attempt to argue that this Court should reach a different conclusion regarding the Asbestos

---

[5] Indeed, the undersigned was persuaded by the reasoning of Hughes and Dugas in denying Morse TEC's Motion to Dismiss. See Order on Motion to Dismiss at 2.

[6] "Although an unpublished opinion is not binding . . . it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Act's applicability. See Rule 11, Advisory Committee Notes, 1993 Amendments ("[A]rguments for a change of law are not required to be specifically so identified . . ."). Notably, one federal court has found the application of certain requirements of the Asbestos Act to be warranted in federal court. See Davis v. Ace Hardware Corp., No. 12-1185-SLR-CJB, 2014 WL 688132 (D. Del. Feb. 21, 2014), adopted by the District Court at 2014 WL 1457852 (D. Del. Apr. 14, 2014) (citations and internal quotations omitted). In Davis the court determined, after an extensive analysis, that the application of section 774.205(2) was proper in federal court given that it "ultimately defines the scope of [the] substantive right or remedy created by Florida's Asbestos Act[.]" See id. at *15-*17. In the instant case, given the current state of the law in the Eleventh Circuit with respect to the applicability of the Asbestos Act's pleading requirements in federal diversity actions, the Court cannot conclude that the issue has been so definitively decided as to render the legal arguments advanced in the Motion to Dismiss "objectively frivolous." Because both Hughes and Dugas are non-binding precedent, Morse TEC's arguments were not foreclosed by existing law, and it cannot be said that they otherwise had "no reasonable chance of success[.]" See Baker, 158 F.3d at 524. Having reached this conclusion, the Court need not address Doolin's contention that Morse TEC's counsel "should have been aware that the[ir arguments] were frivolous."

**IV. Conclusion**

Sanctions under Rule 11 are appropriate to punish those litigants, and/or their counsel, for abuse of the Court's resources. Here, despite the ultimate weakness of Morse TEC's Motion to Dismiss, such abuse did not occur. In light of the foregoing, Doolin's Motion is due to be denied. Accordingly, it is hereby

**ORDERED:**

Plaintiff Stacy Doolin's Motion for Sanctions against Defendant Borg-Warner Corporation (Doc. No. 37) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on August 22, 2017.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc24

Copies To:

Counsel of Record