United States District Court
Middle District of Florida
Jacksonville Division

**STACEY DOOLIN,**
AS PERSONAL REPRESENTATIVE OF
THE ESTATE OF RICHARD E. DOOLIN,

   *Plaintiff,*

v.                                                              No. 3:16-CV-778-J-34PDB

**BORG WARNER CORPORATION ETC.,**

   *Defendants.*

---

# Order

Before the Court is defendant Ford Motor Company's motion to strike the plaintiff's affidavit filed in connection with her response in opposition to its motion to dismiss for lack of personal jurisdiction.[1] Doc. 90. Ford requests a hearing on the motion. Doc. 90 at 7. The plaintiff opposes the motion. Doc. 97.

When a party submits an affidavit to support or oppose a motion to dismiss based on lack of personal jurisdiction, a court considers "only those portions of the … [a]ffidavit that set forth specific factual declarations within the affiant's personal knowledge." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1215 (11th Cir. 1999) (alteration added). Witness testimony is admissible as evidence only if based on the witness's personal knowledge, Fed. R. Evid. 602, and (with limited exceptions) not on hearsay, Fed. R. Evid. 801–807. A motion to strike an affidavit based on its admissibility presents an evidentiary objection more appropriately considered when

---

[1]Ford moves to strike the affidavit attached to the plaintiff's response to its original motion to dismiss. *See* Doc. 90 at 1, 2 (citing Doc. 77-6). Though Ford has filed an amended motion to dismiss, *see* Doc. 92, the plaintiff continues to rely on her affidavit in her response to that motion, *see* Doc. 95 at 18; Doc. 95-6.

a court rules on the motion to which the affidavit relates. *See Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Se., LLC*, No. 3:13-cv-306-J-34JRK, 2016 WL 128561, at \*3 (M.D. Fla. Jan. 12, 2016) (unpublished) (Howard, J.) ("[T]o the extent Time Warner argues in the Motion to Strike that the aforementioned documents are not admissible evidence as required by [Federal Rule of Civil Procedure] 56(c), … the Court construes these arguments as evidentiary objections and will consider them, where necessary, in its analysis of the instant Motion to Dismiss and when it takes up consideration of the pending summary judgment motions.").

A court may "disregard an affidavit as a matter of law when, without explanation, it flatly contradicts [the affiant's] own prior deposition testimony for the transparent purpose of creating a genuine issue of fact where none existed previously." *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1306 (11th Cir. 2016). The rule does not apply to discrepancies and inconsistencies that "create an issue of credibility or go to the weight of the evidence." *Id.* (internal quotation marks omitted). "In any case, the rule should be applied sparingly because of the harsh effect it may have on a party's case." *Id.* at 1307 (internal quotation marks omitted).

In the affidavit, signed in April 2017, the plaintiff avers that she "recall[s] [the decedent] performing brake work on Ford vehicles on multiple occasions while living in Florida." Doc. 77-6 ¶ 4; Doc. 95-6 ¶ 4. During her deposition the following month, she provided the following pertinent testimony:

> Q    What other hobby cars did he have—did you all have?
> A    He had … the Impala, he had Chevies, Ford, maybe a Jeep. And then he worked on our family vehicles.
> Q    All right. What was the year of the Jeep? What model, year?
> A    I don't recall.
> Q    How about the Ford?
> A    I don't recall. I drove a Ford Escape. I think it was a—I don't recall. 2001 maybe.
> …

Q       All right. What work did he do on the Ford [Escape]?

…

A       Oil change, brake change, windshield wiper change.

…

Q       Was … there another hobby car other than the Impala … that he worked on?

THE WITNESS:    Various through the years.

Q       Do you have any records of any of the work that he did?

A       No. I don't … have that.

…

Q       [Other than the 2001 Escape,] [d]o you recall any other year or model of any other Ford?

A       No.

Q       So, for example, you can't give me a list of Fords that you and your husband may have owned; correct?

A       I can't—the only one I know for sure is that one, because that's the one I drove. So I knew that one.

Q       Did you buy the car new or used?

A       Used.

Q       And what year did you buy it? Do you recall?

A       I was pregnant with my second son, so probably 2007.

Q       Do you recall ever buying any new Fords?

…

A       [N]o, we never bought a new Ford.

Q       And with respect to all the Fords, you don't know where your husband obtained any replacement parts; correct?

A       Correct. Correct. I just know we had parts in and out of our garage for the time we were together.

…

Q       Okay. And you can't testify with respect to the Fords how many brake jobs you may have done on those Fords; correct?

A       Correct. I don't know how many he would have done.

Q       And you don't know how many clutch jobs he would have done on those Fords, if any?

A   No, I don't know how many.

Q   And you don't know how many times you worked with gaskets on those Fords; if any?

A   No, I don't know.

Q   And since the Fords were used, you don't know if your husband ever did the very first brake job on that Ford vehicle?

A   Correct. I don't know.

Q   The 2001 Ford, was that a purchase or a lease?

A   A purchase.

Q   Was it purchased here in Florida?

A   Yes, I think so.

…

Q   The other Ford vehicles, were they purchased in Florida?

A   I don't remember. I mean, probably—we only lived in Florida. Probably in Florida. I don't remember.

…

Q   And you don't recall how many Fords; right?

A   No. We had cars. We had the '64 Impala. We had cars throughout our life, was his second play car, mechanic, garage mechanic type thing, and then Chevy, Ford, others. We had cars.

…

Q   … [S]itting here today, the only Ford that you can identify specifically is the 2001 Ford that you drove?

A   The one that I know was a 2000 Ford Escape. Yes. The other Ford, I don't know what it was. I don't know what the other cars are.

…

Q   You said he did work for family and friends. Can you identify any of those vehicles?

A   Oh, no. No. I don't know.

Q   For all those other vehicles you don't know where he purchased any replacement parts?

A   No. I don't know.

…

> Q On Exhibit 4, ma'am, which is the affidavit you completed, it states that, "I recall him performing brake work on Ford vehicles on multiple occasions while living in Florida." Besides that sentence, do you have any more specifics of that brake work he may have performed on Ford vehicles while living in Florida?
>
> MR. KUNEN: And other than any other testimony that she has given today.
>
> MR. SALAS: Yes.
>
> …
>
> THE WITNESS: No. No. I mean, I don't know more than beyond this.
>
> …
>
> Q And with respect to the brake jobs that you testified that you state here in your affidavit, do you recall him specifically doing a brake job, or is it your belief that he was doing br[ake] jobs because he was working on vehicles generally?
>
> …
>
> A I remember him saying brakes. Lots of car-related kind of things. Multiple cars. It was important that the brakes work because we had kids, or I was unsafe. So I remember those—that name, but I don't know what he did with it or how he did it.
>
> Q So you don't have the specific knowledge of you watching him doing a brake job on a Ford vehicle; correct?
>
> …
>
> THE WITNESS: … [N]ot that I recall.

Doc. 90-1 at 49–50, 74–77, 81–82.

Ford argues the affidavit should be stricken because it is not based on the plaintiff's personal knowledge, and her later deposition testimony contradicts it. Doc. 90 at 2–7. The plaintiff responds the affidavit is immaterial because the defendants have not shifted the burden of proof to her; the statement in her affidavit does not directly contradict her deposition testimony; and the statement was not based on hearsay. Doc. 97 at 2–5.

Striking the affidavit is unwarranted. Ford has not shown the plaintiff's affidavit—which asserts her general recollection that the decedent performed brake

5

work on Ford vehicles in Florida—flatly contradicts her deposition testimony that she could not recall more specific information about when he performed the work or the years and models of the vehicles he worked on. Absent an unexplained flat contradiction, striking the affidavit as a sham is unwarranted. Any inconsistency between the plaintiff's affidavit and deposition testimony goes to the weight of the evidence and the plaintiff's credibility, which the Court can evaluate if necessary in ruling on Ford's amended motion to dismiss. Likewise, to the extent Ford argues the affidavit contains inadmissible hearsay or otherwise is not based on the plaintiff's personal knowledge, the Court can decide any such evidentiary issues in ruling on Ford's amended motion to dismiss. Cf. *Cableview Commc'ns*, 2016 WL 128561, at *3. In short, the Court can assign the affidavit appropriate weight without striking it from the record entirely.

The Court **denies** the motion to strike the plaintiff's affidavit. Doc. 90. Finding a hearing unnecessary, the Court also **denies** Ford's request for a hearing on the motion. Doc. 90 at 7.

**Ordered** in Jacksonville, Florida, on September 13, 2017.

*[signature]*

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of record