**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

STACEY DOOLIN, as the
Personal Representative of the
Estate of Richard E. Doolin,

    Plaintiff,

v.                                          Case No. 3:16-cv-778-J-34PDB

BORG WARNER CORPORATION, et al.,

    Defendants.

_____

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant Pneumo Abex LLC's Amended Motion to Dismiss Complaint Based on Lack of Personal Jurisdiction (Doc. No. 91; Abex Motion), filed on May 22, 2017, together with Defendant[] Ford Motor Company's Amended Motion to Dismiss Plaintiff's Amended Complaint and Supporting Memorandum of Law (Doc. No. 92; Ford Motion), also filed on May 22, 2017. On June 5, 2017, Plaintiff Stacey Doolin filed her Response and Opposition to Defendant Ford Motor Company's Amended Motion to Dismiss Plaintiff's Amended Complaint and Supporting Memorandum of Law (Doc. No. 95), as well as her Response and Opposition to Defendant Pneumo Abex LLC's Amended Motion to Dismiss Complaint Based on Lack of Personal Jurisdiction (Doc. No. 96). Accordingly, this matter is ripe for review.[1]

---

[1] The Court addresses both the Abex Motion and the Ford Motion (together, Motions) at once because the same issue is dispositive with respect to both Motions.

In the Motions, Defendants Pneumo Abex LLC (Abex) and Ford Motor Company (Ford) (together, Defendants) move to dismiss all claims against them for lack of personal jurisdiction pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure (Rule(s)). See generally Abex Motion at 1; Ford Motion at 1. Notably, however, on August 10, 2016 – prior to filing the Motions – both Defendants filed answers and affirmative defenses to Plaintiff Stacey Doolin's (Doolin) amended complaint. See generally Doc. Nos. 28, 29 (Answers). With leave of Court, on January 20, 2017, Defendants subsequently filed amended answers and affirmative defenses to Doolin's amended complaint. See generally Doc. Nos. 56, 57 (Amended Answers). In both the Answers and Amended Answers, Defendants challenge the Court's ability to exercise personal jurisdiction over them. See Answers; Amended Answers.

Rule 12 states, in pertinent part, that "[a] motion asserting any of [the listed] defenses must be made before pleading if a responsive pleading is allowed." Rule 12. The Eleventh Circuit has held that Rule 12(b) motions to dismiss are inappropriate where an answer has already been filed. See Skrtich v. Thornton, 280 F.3d 1295, 1306 (11th Cir. 2002). Indeed, "[d]istrict courts routinely deny motions to dismiss which are filed simultaneously with or after an answer is filed." Dugan v. Middlebrooks, No. 5:13-CV-235-OC-36PRL, 2015 WL 1063935, at *2 (M.D. Fla. Mar. 11, 2015) (collecting cases)[2]; see also MB Reo-FL Church-2, LLC v. Tampa for Christ Church, Inc., No. 8:16-CV-276-T-33AEP, 2016 WL 4944128, at *1 (M.D. Fla. Sept. 16, 2016) ("[T]he Court notes that [defendant] has already filed an Answer in this case . . . Accordingly, to the extent [defendant's] motions are premised on Rule 12,

---

[2] "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Fed. R. Civ. P., they are untimely."); Williams v. Educ. Credit Mgmt. Corp., No. 8:14-CV-1254-T-36TBM, 2015 WL 493767, at *1 (M.D. Fla. Jan 14, 2015) ("[T]he motion to dismiss as it relates to the claims against [defendant] are not properly before this Court. This is so because [defendant] has already filed an answer [], thus precluding it from bringing any such motions.").

Here, by declining to file the Motions prior to their responsive pleadings, Defendants waived their right to seek dismissal pursuant to Rule 12(b). See generally Zo Skin Health, Inc. v. Salz, No. 14-CIV-21376, 2014 WL 4185385, at *1 (S.D. Fla. Aug. 22, 2014). This does not mean, however, that Defendants have waived their defenses of lack of personal jurisdiction altogether. See id. Defendants may rely on any properly preserved defense to seek summary judgment under Rule 56.[3] In light of the foregoing, Defendants' Motions are due to be denied, without prejudice, by operation of Rule 12. Accordingly, it is hereby

**ORDERED:**

1. Defendant Pneumo Abex LLC's Amended Motion to Dismiss Complaint Based on Lack of Personal Jurisdiction (Doc. No. 91) is **DENIED WITHOUT PREJUDICE**.

2. Defendant[] Ford Motor Company's Amended Motion to Dismiss Plaintiff's Amended Complaint and Supporting Memorandum of Law (Doc. No. 92) is **DENIED WITHOUT PREJUDICE**.

---

[3] Having reviewed the Motions, the Court observes that the jurisdictional challenges presented therein appear to have merit.

3. Defendants may raise the defense of lack of personal jurisdiction in a properly-supported motion for summary judgment.

**DONE AND ORDERED** in Jacksonville, Florida, on October 17, 2017.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc24

Copies to:

Counsel of Record