# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STACEY DOOLIN, as )
Personal Representative of)
the Estate of RICHARD E. )
DOOLIN )
)
vs. )CASE NO. 3:16-CV 00778 MMH-PDB
)
PNEUMO ABEX, LLC, ET AL )

ORAL DEPOSITION

EDWARD DOOLIN

January 19, 2017

ORAL DEPOSITION OF EDWARD DOOLIN, produced as a witness at the instance of the Defendant and duly sworn, was taken in the above-styled and numbered cause on the 19th day of January, 2017, from 8:34 a.m. to 11:17 a.m., before Shauna Foreman, Certified Shorthand Reporter in and for the State of Texas, reported by computerized stenotype machine at the Best Western Dayton, 1751 W. Highway 90, Dayton, Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

APPEARANCES

FOR PLAINTIFF:
MARC P. KUNEN, ESQ.
FERRARO LAW FIRM
600 Brickell Avenue
Miami, Florida 33131
Telephone: 888-554-2030
E-mail: mpk@ferrarolaw.com

FOR PNEUMO ABEX, LLC AND FORD MOTOR COMPANY:

HENRY SALAS, ESQ.
COLE SCOTT KISSANE
9150 South Dadeland Blvd.
Suite 1400
Miami, Florida 33156
Telephone: 305-350-5300
E-mail: henry.salas@csklegal.com

FOR BORG WARNER MORSE-TEC:

SUSAN J. COLE, ESQ.
BICE COLE
999 Ponce De Leon Boulevard
Suite 710
Coral Gables, Florida 33134
Telephone: 305-444-1225
E-mail: cole@bicecolelaw.com

FOR HONEYWELL INTERNATIONAL, INC.:

KEVIN J. PARKS, ESQ.
THOMPSON & KNIGHT
333 Clay Street
Suite 3300
Houston, Texas 77002
Telephone: 713-217-2827
E-mail: kevin.parks@tklaw.com



INDEX


| | PAGE |
|---|---|
| EDWARD DOOLIN | |
| Examination by Mr. Salas .......................... | 4 |


EXHIBITS

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 1 | ASE Certification Cards | 35 |



EDWARD DOOLIN,
having been first duly sworn, testified as follows:

EXAMINATION

Q. (BY MR. SALAS) Please state your name.
A. Roadway Edward Doolin, Sr.
Q. Mr. Doolin, I understand you go by Ed?
A. Yes, that's correct.
Q. From time to time I may call you Mr. Doolin or I may call you Ed. I don't mean disrespect either way, okay?
A. No problem.
Q. And your son's name was Rick. Right?
A. Yes.
Q. So for ease so we don't confuse Mr. Doolin with Mr. Doolin, when I mean Rick I'm going to say Rick, okay?
A. Okay.
Q. If I catch myself saying Mr. Doolin, referring to your son, I'll try to fix it to say Rick.
A. Okay.
Q. Does that make sense?
A. Makes sense.
Q. And, again, no disrespect by calling him Rick?



A. Okay.
Q. But I just want to try to keep the transcript squared away, all right?
A. All right.
Q. So as Mr. Kunen explained to you, I'm going to be asking you some questions. If you know the answer to the question, just give us the answer.
A. All right.
Q. If you don't know the answer to the question, just say "I don't know." That's perfectly fine. These are events that happened some time ago, so if you don't know, you don't know.
The other thing is that you have to say yes, no, or you have to answer audibly. You can't shake your head up and down or sideways, okay?
A. Yes.
Q. If you want to take a break, we take a break.
A. Okay.
Q. Also, there are some time constraints that we have today so we are unlikely to finish today.
A. All right.
Q. In which case, we will have to come back and do this again, but by then you'll be a veteran. So it'll be okay.

south. And so, I put in some applications for some jobs and I got a job offer in Louisiana and we moved.
Q. And what town in Louisiana?
A. Excuse me?
Q. What town in Louisiana?
A. Folsom, F-O-L-S-O-M.
Q. And what was your job?
A. I was basically a mechanic.
Q. Mechanic where?
A. S.A. Tarver & Sons.
Q. And what did they do, sir?
A. Imported machinery from Europe. Mostly hay equipment.
Q. What --
A. Mostly hay equipment. Rakes and bailers and all that kind of stuff you use to put up hay.
Q. And were you a mechanic on the heavy equipment, on the farm equipment?
A. Yes.
Q. How long did you do that?
A. 13 years.
Q. And did you do automobile work at that time?
A. Yes.
Q. Also for Tarver & Sons?



A. Uh-huh.
Q. Yes?
A. Yes.
Q. So that would have been roughly 1983 to about 1996 or so?
A. About that, yeah, uh-huh.
Q. Now, it's our understanding that Rick would accompany you from time to time while you worked at Teen Challenge from '73 to '83.
A. Yes.
Q. Okay. Would Rick accompany you when you worked for Tarver & Sons from 1983 to 1996?
A. Yes.
Q. He would go to the business with you?
A. Yes.
Q. Do you recall at what point your son, Rick, left home to either go to school or moved out?
A. I can't tell you what year that would be exactly, but -- but he was 18 when he left to -- moved onto campus at Southeastern Louisiana University.
Q. Once he moved out --
A. He went to summer school there.
Q. Once he moved out -- once he started college at Southeast Louisiana University at age



18 -- which would have been roughly 1988. Right?
A. That sounds about right.
Q. That sounds right?
A. Yeah.
Q. After that point would he accompany you at Tarver?
A. No.
Q. So accompanying you at Tarver would have ended some point when he was 17, 18?
A. Yes.
Q. And after he left at age 18 to move into Southeast Louisiana University, did he ever live full-time again in your house?
A. No. And I may be wrong on that.
Q. Okay. Your wife will clean that up?
A. I bet she will, yeah.
Q. All right. After you left Tarver -- well, when you were at Tarver that's when you were going to school part-time. Right?
A. Yes.
Q. And in what year did you get your BA, sir, in speech?
A. I think it actually was 1994 because it was December. So it was right at the end. And then I signed up for some graduate school classes and went



for a while in 1995.
Q. That's not at Lamont?
A. Excuse me?
Q. Is that where you got your master's?
A. No, that was while I was still in Southeast Louisiana.
Q. What's the name of the university where you got your master's?
A. From Lamar University in Beaumont.
Q. Lamar. In what year did you leave Louisiana to move to Texas?
A. That would have been late nineteen -- sometime in 1995, the summer.
Q. Now you worked at Tarver until about '96. Did you continue working --
A. Probably was just '95 because I believe we moved to -- I wasn't sure exactly the years, but I think we've got it figured out now.
Q. All right. So when you stopped working at Tarver is when you moved to Texas?
A. Yes.
Q. So the entire time you were in Folsom you were working at S.A. Tarver & Sons?
A. Yes.
Q. The entire time?

30

A. Yes.
Q. All right. Besides Rick going with you to Teen Challenge and besides going with you to S.A. Tarver & sons for a limited amount of time until he left to school --
A. Yes.
Q. You understand me so far?
A. Uh-huh.
Q. Was he -- did he do any automotive work besides those times or around automotive work besides those two times or those two periods of time?
MR. KUNEN: Objection. Form.
A. I would say yes.
Q. (BY MR. SALAS) Okay. Where would that be?
A. At home. I mean, he -- he loves that stuff.
Q. Would that be primarily in Pennsylvania, or would that be in Louisiana? I'm saying the home stuff.
A. Probably more in Louisiana than in Pennsylvania.
Q. Okay. Because in Pennsylvania he was only up until age 13?
A. Uh-huh.
Q. Yes?

31

A. Yes, I believe that's right.
Q. Did he ever do brake work on his own?
A. I'm sure he did.
Q. That would have been in Louisiana?
A. Probably, yeah.
Q. Not in Pennsylvania?
A. I can't say for sure on that. I don't recall.
Q. Do you recall seeing him doing actual brake work on his own, or clutch work?
A. During that time in Louisiana or Pennsylvania?
Q. Any time.
MR. KUNEN: Objection.
A. Oh, yeah. Definitely, yes.
Q. (BY MR. SALAS) Where would that have been?
A. I would say mostly at home.
Q. Okay. In Pennsylvania or in Louisiana?
A. Probably mostly in Louisiana.
Q. And was that on his own cars or with you?
A. Mostly his own car.
Q. What car was that?
A. 1964 Chevy Impala Super Sport.
Q. I'm talking about him now doing brake work or clutch work on his own.

32

Do you recall him doing brake work or clutch work on his own on any vehicle other than the Chevy Impala Super Sport?
A. I don't recall.
Q. So at you sit here today you can't say that he worked on any other vehicle -- you don't have a recollection of him working on any other vehicle on his own other than the Chevy Impala Super Sport?
A. Right.
Q. When he moved out of the house and went to college, was he doing brake work or automobile work on his own?
MR. KUNEN: Objection. Form.
Q. (BY MR. SALAS) If you know.
A. I really don't know what he did.
Q. Okay. So you would have only known up until age 18 when he was still living at home?
A. Right, uh-huh.
Q. After that, you don't know what he did?
A. Right.
Q. On the 1964 Chevy Impala Super Sport, do you recall what specific work he may have done on that vehicle on his own?
A. You mean other than brake work?
Q. Well, brake work?

33

A. I'm sure he did, yes.
Q. Do you know how many times?
A. No, I don't know.
Q. What other work do you recall?
A. Just about everything. Pretty much over the years he took it apart.
Q. Would that include clutch work?
A. Oh, absolutely.
Q. Do you know where he would have purchased brakes or brake pads for the Chevy Impala Sport?
A. No, I don't know.
Q. Do you know what brand name he would have used for his brake work?
A. No, I don't know.
Q. Same questions for the clutch work. You don't know?
A. No, I don't know.
Q. When did you get your ASE certification?
A. Well, both 1979. They both say 12/31/79. I don't know why I got two cards that say the same thing. That was probably the first time.
Q. So you would have been in Pennsylvania at the time?
A. That's probably true, yeah.
Q. Working for Teen Challenge?

that agreement, and I need to reserve our right to ask questions. We have not asked any questions yet, but I do have some questions.

MRS. COLE: And Borg Warner has questions, as well.

MR. SALAS: And just because I said I'm done doesn't mean that I'm done with questioning.

MR. KUNEN: I understand that. I understand the deposition is going to be continued. It's not complete.

(Whereupon at 11:17 a.m. the deposition was recessed.)



CHANGES AND SIGNATURE

WITNESS NAME: Edward Doolin

DATE OF DEPOSITION: January 19, 2017

PAGE LINE CHANGE REASON

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________

______________________________________________________



I, EDWARD DOOLIN, have read the foregoing deposition and hereby affix my signature that same is true and correct, except as noted above.

__________________________

EDWARD DOOLIN

THE STATE OF _______________)

COUNTY OF __________________)

Before me, on this day personally appeared EDWARD DOOLIN, known to me or proved to me under oath of ____________________or through ______________________(description of identity card or other document) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purpose and consideration therein expressed.

Given under my hand and seal of office on this day of , .

_________________________

NOTARY PUBLIC IN AND FOR

THE STATE OF ____________

My Commission Expires: _____________

____No Changes Made ____Amendment Sheet Attached



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STACEY DOOLIN, as )
Personal Representative of)
the Estate of RICHARD E. )
DOOLIN )
)
vs. )CASE NO. 3:16-CV 00778 MMH-PDB
)
PNEUMO ABEX, LLC, ET AL )

REPORTER'S CERTIFICATE
ORAL DEPOSITION OF EDWARD DOOLIN
January 19, 2017

I, Shauna Foreman, Certified Shorthand Reporter in and for the State of Texas, hereby certify to the following:

That the witness, EDWARD DOOLIN, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

That the original deposition was delivered to Henry Salas.

That a copy of this certificate was served on all parties and/or the witness shown herein on _____________________.

I further certify that pursuant to FRCP Rule 30(f)(1), the signature of the deponent:

____was requested by the deponent or a party

before the completion of the deposition and that the signature is to be before any notary public and returned within 30 days (or ______ days, per agreement of counsel) from date of receipt of the transcript. If returned, the attached Changes and Signature page contains any changes and the reasons therefor;

_____was not requested by the deponent or a party before the completion of the deposition;

I further certify that I am neither counsel for, related to, nor employed by any parties or attorneys in the action in which this testimony is taken, and further that I am not financially or otherwise interested in the outcome of this action.

Certified to by me on this the 19th day of January, 2017.

<%Signature%>
Shauna Foreman, CSR
Texas CSR 3786
Expiration: 12/31/2018
Veritext Legal Solutions
300 Throckmorton Street
Suite 1600
Fort Worth, Texas 76102
Tel. (817)336-3042
Firm No. 571

COUNTY OF HARRIS )
STATE OF TEXAS )

I hereby certify that the witness was notified on _______________ that the witness has 30 days (or _______ days, per agreement of counsel) after being notified by the officer that the transcript is available for review by the witness and if there are changes in the form or substance to be made, then the witness shall sign a statement reciting such changes and the reasons given by the witness for making them;

That the witness' signature was/was not returned as of _________________________, 2017.

Subscribed and sworn to on this the ______ day of ____________________, 2017.

<%Signature%>

Shauna Foreman, CSR
Texas CSR 3786
Expiration: 12/31/2018
Veritext Legal Solutions
300 Throckmorton Street
Suite 1600
Fort Worth, Texas 76102
Tel. (817)336-3042
Firm No. 571