**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

STACEY DOOLIN, as the
Personal Representative of the
Estate of Richard E. Doolin,

    Plaintiff,

v.                                                 Case No. 3:16-cv-778-J-34PDB

BORG WARNER CORPORATION, et al.,

    Defendants.

## **O R D E R**

**THIS CAUSE** is before the Court sua sponte. Currently pending before the Court are the motions for summary judgment filed by each remaining Defendant (Docs. 120, 122, and 127), as well as several Daubert[1] motions to preclude or limit the testimony of certain expert witnesses (Docs. 115, 117, 118, and 124-126). In addition, Defendants filed multiple "notices of joinder" purporting to join in each other's Daubert and summary judgment motions. See Defendant Honeywell International Inc.'s Notice of Joinder (Doc. 128); Pneumo Apex LLC's Notice of and Joinder (Doc. 129); Defendant's Notice of and Joinder (Doc. 130) and Defendant Honeywell International Inc.'s Notice of Joinder (Doc. 131), all filed on November 15, 2017; Ford Motor Company's Notice of Joinder (Doc. 134), filed on November 17, 2017; Pneumo Abex LLC's Notice of Joinder (Doc. 175) and Ford Motor Company's Notice of Joinder (Doc. 176), both filed on March 20, 2018 (collectively, Notices of Joinder). However, Defendants' Notices of Joinder are improper and due to

---

[1] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

be stricken in that adopting and incorporating by reference the arguments of other Defendants violates Local Rule 3.01(a), United States District Court, Middle District of Florida (Local Rule(s)) and places an undue burden on judicial resources.

As aptly explained in Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC, 845 F. Supp. 2d 1241 (M.D. Fla. 2012), incorporation by reference "foists upon the Court the burden of sifting through irrelevant materials to find the materials referenced while permitting the movant to circumvent this Court's page limit requirement." See Mobile Shelter, 845 F. Supp. 2d at 1253 aff'd in part, 505 F. App'x 928 (11th Cir. 2013).[2] Significantly, the page limit requirement is not designed to burden the parties, but to conserve judicial resources by "focus[ing] the parties' attention on the most pressing matters and winnow[ing] the issues to be placed before the Court . . . ." Id. at 1253. By both filing their own motions and incorporating everyone else's arguments as well, Defendants have done no "winnowing" and instead have engaged in a "throw-the-spaghetti-and-see-what-sticks motion practice [which] leads to imprecise and inartful briefing." See Gov't Employees Ins. Co. v. Path Medical, Case No. 8:17-cv-2848-T-17TGW, ECF No. 79 at 2 (M.D. Fla. entered Mar. 2, 2018) (order denying motions to dismiss without prejudice).

For example, Defendant Honeywell International Inc. (Honeywell) has not only filed its own twenty-page motion for summary judgment (Doc. 120), but also seeks to incorporate by reference the summary judgment motions of every other Defendant. As

---

[2] The Court notes that incorporating by reference the arguments set forth in other documents also violates Local Rule 3.01(a)'s requirement that a movant shall include its request for relief, basis for the request and supporting legal authority in a "single document." See Local Rule 3.01(a) ("In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages." (emphasis added)).

such, were the Court to "adopt and incorporate by reference" these other motions, Honeywell's summary judgment briefing would total seventy-seven pages, well in excess of the 25-page limit set by Local Rule 3.01(a). More importantly, much of the material incorporated would be redundant or irrelevant, but it would fall to the Court to sift through this voluminous briefing to determine which arguments are potentially relevant to Honeywell, and extrapolate how such arguments might apply in a different context to a different Defendant. This is not a proper or efficient use of judicial resources.

Accordingly, the Court will strike the Notices of Joinder and provide Defendants with the opportunity to file amended motions which set forth the entirety of their arguments.[3] As the Court recognizes that the parties may need additional space in which to do so, the Court will extend the page limit to thirty pages. Also, to accommodate the period for additional potential briefing, the Court will continue the final pretrial conference and trial in this matter. Accordingly, it is

**ORDERED:**

1. Defendant Honeywell International Inc.'s Notice of Joinder (Doc. 128), Pneumo Apex LLC's Notice of and Joinder (Doc. 129), Defendant's Notice of and Joinder (Doc. 130), Defendant Honeywell International Inc.'s Notice of Joinder (Doc. 131), Ford Motor Company's Notice of Joinder (Doc. 134), Pneumo Abex LLC's Notice of Joinder (Doc. 175), and Ford Motor Company's Notice of Joinder (Doc. 176) are **STRICKEN**.

---

[3] The Court is not terminating the currently pending motions. As such, if the parties do not file amended motions by the deadline set forth in this Order, the Court will proceed to consider the motions as filed without reference to any "incorporated" arguments. If on the other hand the parties do file amended motions, the Court will terminate the pending motions and await completion of briefing on the newly filed amended motions.

2. Defendants shall have up to and including **April 6, 2018**, to file amended dispositive and <u>Daubert</u> motions, if they so choose, which set forth the entirety of their arguments. Such motions shall not exceed **thirty (30) pages** in length. Plaintiff shall have up to and including **April 25, 2018,** to respond to any amended motions. To the extent Defendants were previously granted leave to reply, such replies are due no later than **May 10, 2018**.

3. The following deadlines shall apply

| | |
|---|---|
| All Other Motions Including Motions In Limine | OCTOBER 1, 2018 |
| Responses to All Other Motions Including Motions In Limine | OCTOBER 15, 2018 |
| Joint Final Pretrial Statement | OCTOBER 15, 2018 |
| Final Pretrial Conference | OCTOBER 22, 2018 10:00 A.M. |
| Trial Term Begins | NOVEMBER 5, 2018 9:30 A.M. |
| Estimated Length of Trial | 10-15 days |
| Jury/ Non Jury | Jury |

**DONE AND ORDERED** in Jacksonville, Florida this 22nd day of March, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record

- 4 -